# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
     §
Alexander Zivkovic § Case No. 13-11598
Maria Zivkovic §
     §
     §
     Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/DAVID R. BROWN_____
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-11598 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | Alexander Zivkovic | | | | Date Filed (f) or Converted (c): | 03/22/2013 (f) |
| | Maria Zivkovic | | | | 341(a) Meeting Date: | 04/16/2013 |
| For Period Ending: | 08/08/2014 | | | | Claims Bar Date: | 08/30/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 712 Castilleja Ct., Naperville Il 60540 | 355,000.00 | 90,086.00 | | 420,000.00 | FA |
| 2. Fifth Third Checking | 2,300.00 | 0.00 | | 0.00 | FA |
| 3. Fifth Third Savings | 2,000.00 | 0.00 | | 0.00 | FA |
| 4. Furniture | 3,000.00 | 0.00 | | 0.00 | FA |
| 5. Clothing | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. Ira | 3,000.00 | 0.00 | | 0.00 | FA |
| 7. Ira | 11,000.00 | 0.00 | | 0.00 | FA |
| 8. 2007 Toyota Avalon: 33000 Miles | 13,000.00 | 0.00 | | 0.00 | FA |
| 9. 2010 Hyundai Santa Fe: 60000 Miles | 11,000.00 | 0.00 | | 0.00 | FA |
| 10. 2012 Volkswagon Jetta: 5000 Miles | 17,000.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| | | | | | |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $418,300.00 | $90,086.00 | | $420,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee just sold Debtors' residence.  Claims to be reviewed and objections filed thereto if necessary.  Final Report will then be filed.

Initial Projected Date of Final Report (TFR): 12/30/2013      Current Projected Date of Final Report (TFR): 11/15/2013

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-11598 | Trustee Name: | DAVID R. BROWN |
| --- | --- | --- | --- |
| Case Name: | Alexander Zivkovic | Bank Name: | The Bank of New York Mellon |
| | Maria Zivkovic | Account Number/CD#: | XXXXXX7511 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX4201 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 08/08/2014 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/30/13 | | First American Title Ins. Co.<br>27775 Diehl Road<br>Warrenville, IL 60555 | sale of real estate | | $104,684.77 | | $104,684.77 |
| | | | Gross Receipts  $420,000.00 | | | | |
| | | Alexander and Maria Zivkovic<br>712 Castilleja Ct<br>Naperville, IL | Homestead exemption  ($30,000.00) | 8100-002 | | | |
| | | JP Morgan Chase Bank | mortgage payoff  ($243,164.24) | 4110-000 | | | |
| | | Koenig & Strey Real Living | commission  ($25,650.00) | 3510-000 | | | |
| | | Jerome Koudelik<br>712 Castilleja<br>Naperville, IL | buyer credit  ($2,000.00) | 2500-000 | | | |
| | | ARS Survey | survey costs  ($335.00) | 2500-000 | | | |
| | | DuPage County Collector | real estate taxes  ($6,627.50) | 2820-000 | | | |
| | | First American Title<br>27775 Diehl Road<br>Warrenville, IL | title charges  ($2,908.87) | 2500-000 | | | |
| | | DuPage County Collector | ($4,629.62) | 2820-000 | | | |
| | 1 | | Location: 712 Castilleja Ct.,  $420,000.00<br>Naperville Il 60540 | 1110-000 | | | |
| 09/27/13 | | First American Title<br>27775 Diehl Road<br>Warrenville, IL | refund of credit given purchaser at closing | 2820-002 | | ($4,629.62) | $109,314.39 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $130.50 | $109,183.89 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $162.32 | $109,021.57 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*  Page Subtotals:  $104,684.77  ($4,336.80)

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-11598 | | Trustee Name: | DAVID R. BROWN |
| Case Name: | Alexander Zivkovic | | Bank Name: | The Bank of New York Mellon |
| | Maria Zivkovic | | Account Number/CD#: | XXXXXX7511 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX4201 | | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 08/08/2014 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $156.86 | $108,864.71 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $161.84 | $108,702.87 |
| 02/04/14 | 1001 | INTERNATIONAL SURETIES, LTD. Suite 420 701 Poydras Street New Orleans, LA 70139 | bond premium | 2300-000 | | $85.00 | $108,617.87 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $161.62 | $108,456.25 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $145.69 | $108,310.56 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $161.02 | $108,149.54 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $155.60 | $107,993.94 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $104,684.77 | ($3,309.17) |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $104,684.77 | ($3,309.17) |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $104,684.77 | ($3,309.17) |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*      Page Subtotals:      $0.00      $1,027.63

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7511 - Checking | $104,684.77 | ($3,309.17) | $107,993.94 |
|  | $104,684.77 | ($3,309.17) | $107,993.94 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $315,315.23 |
|---|---|
| Total Net Deposits: | $104,684.77 |
| Total Gross Receipts: | $420,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-11598  
Debtor Name: Alexander Zivkovic  
Claims Bar Date: 8/30/2013  

Date: August 8, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | DAVID R. BROWN<br>400 SOUTH COUNTY FARM ROAD<br>WHEATON, IL  60187 | Administrative | | $0.00 | $22,750.00 | $22,750.00 |
| 100 3110 | SPRINGER BROWN, LLC<br>400 South County Farm Road<br>Suite 330<br>Wheaton, IL  60187 | Administrative | | $0.00 | $7,963.50 | $7,963.50 |
| 100 3410 | ALAN D. LASKO & ASSOCIATES<br>29 South Lasalle Street<br>Suite 1240<br>Chicago, IL  60603 | Administrative | | $0.00 | $1,054.00 | $1,054.00 |
| 100 3420 | ALAN D. LASKO & ASSOCIATES<br>29 South Lasalle Street<br>Suite 1240<br>Chicago, IL  60603 | Administrative | | $0.00 | $15.78 | $15.78 |
| 1 300 7100 | NORDSTROM FSB<br>P.O. Box 6566<br>Englewood, CO  80155 | Unsecured | | $0.00 | $3,884.43 | $3,884.43 |
| 2 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | Unsecured | Account #8861 | $0.00 | $14,313.36 | $14,313.36 |
| 3 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | Unsecured | Account #2152 | $0.00 | $7,233.89 | $7,233.89 |
| 4 300 7100 | Fifth Third Bank<br>9441 Lbj Freeway, Suite 350<br>Dallas, Tx 75243 | Unsecured | Account #4097 | $0.00 | $8,377.75 | $8,377.75 |
| 5 300 7100 | Fifth Third Bank<br>9441 Lbj Freeway, Suite 350<br>Dallas, Tx 75243 | Unsecured | Account #5223 | $0.00 | $4,485.32 | $4,485.32 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-11598  
Debtor Name: Alexander Zivkovic  
Claims Bar Date: 8/30/2013

Date: August 8, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 6 300 7100 | American Infosource Lp As Agent For Td Bank, Usa Po Box 248866 Oklahoma City, Ok 73124-8866 | Unsecured | Account #6890 | $0.00 | $2,778.97 | $2,778.97 |
| 7 300 7100 | American Infosource Lp As Agent For Td Bank, Usa Po Box 248866 Oklahoma City, Ok 73124-8866 | Unsecured | Account #7390 | $0.00 | $3,156.45 | $3,156.45 |
| 8 300 7100 | Quantum3 Group Llc As Agent For Comenity Bank Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | Account #2478 (Ann Taylor) | $0.00 | $595.91 | $595.91 |
| 9 300 7100 | Quantum3 Group Llc As Agent For Comenity Bank Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | Account #1519 (Victoria's Secret) | $0.00 | $892.23 | $892.23 |
| 10 300 7100 | Quantum3 Group Llc As Agent For Comenity Bank Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | Account #4536 (Carsons) | $0.00 | $2,149.24 | $2,149.24 |
| 11 300 7100 | Quantum3 Group Llc As Agent For Comenity Bank Po Box 788 Kirkland, Wa 98083-0788 | Unsecured | Account #5096 (Express) | $0.00 | $1,538.50 | $1,538.50 |
| 12 300 7100 | N. A. Fia Card Services Fia Card Services, N.A. P O Box 982284 El Paso, Tx 79998-2238 | Unsecured | Account #8501 | $0.00 | $5,345.64 | $5,345.64 |
| 13 300 7100 | N. A. Fia Card Services Fia Card Services, N.A. P O Box 982284 El Paso, Tx 79998-2238 | Unsecured | Account #2226 | $0.00 | $19,925.15 | $19,925.15 |
| 14 300 7100 | GE CAPITAL RETAIL BANK c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami, FL 33131-1605 | Unsecured | Account #8218 (Lord & Taylor) | $0.00 | $1,033.43 | $1,033.43 |

Page 2  Printed: August 8, 2014

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-11598  
Debtor Name: Alexander Zivkovic  
Claims Bar Date: 8/30/2013

Date: August 8, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 15 300 7100 | GE CAPITAL RETAIL BANK c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami, FL 33131-1605 | Unsecured | Account #6207 (Walmart) | $0.00 | $4,400.32 | $4,400.32 |
| 16 300 7100 | GE CAPITAL RETAIL BANK c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami, FL 33131-1605 | Unsecured | Account #4518 (Old Navy) | $0.00 | $929.33 | $929.33 |
| 17 300 7100 | GE CAPITAL RETAIL BANK c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami, FL 33131-1605 | Unsecured | Account #5811 (Banana Republic) | $0.00 | $2,753.32 | $2,753.32 |
| 18 300 7100 | GE CAPITAL RETAIL BANK c/o Recovery Management Systems Corp 25 SE 2nd Ave Suite 1120 Miami, FL 33131-1605 | Unsecured | Account #6655 (JC Penney) | $0.00 | $900.70 | $900.70 |
| 19 300 7100 | AMERICAN EXPRESS CENTURION BANK c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | Account #1007 | $0.00 | $2,128.43 | $2,128.43 |
| 20 300 7100 | Merrick Bank Resurgent Capital Services Po Box 10368 Greenville, Sc 29603-0368 | Unsecured | Account #3128 | $0.00 | $847.91 | $847.91 |
| 21 300 7100 | N. A. Capital One Capital One, N.A. C O Becket And Lee Llp Pob 3001 Malvern, Pa 19355-0701 | Unsecured | Account #5958 | $0.00 | $2,338.84 | $2,338.84 |
| 22 300 7100 | Ecast Settlement Corporation, Assignee Of Chase Bank Usa, N.A. Pob 29262 New York, Ny 10087-9262 | Unsecured | Account #6786 | $0.00 | $24,223.80 | $24,223.80 |
| 23 300 7100 | Ecast Settlement Corporation, Assignee Of Chase Bank Usa, N.A. Pob 29262 New York, Ny 10087-9262 | Unsecured | Account #8352 | $0.00 | $7,006.89 | $7,006.89 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-11598  
Debtor Name: Alexander Zivkovic  
Claims Bar Date: 8/30/2013

Date: August 8, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 24 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Fnbm, Llc Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured | Account #2065 (Credit One Bank) | $0.00 | $746.74 | $746.74 |
| 25 300 7100 | Pyod, Llc Its Successors And Assigns As Assignee Of Citibank, N.A. Resurgent Capital Services Po Box 19008 Greenville, Sc 29602 | Unsecured | Account #3986 (Citibank) | $0.00 | $8,214.27 | $8,214.27 |
| 26 300 7100 | Dept Of Education Fed Loan Serv Po Box 69184 Harrisburg, Pa 17106-9184 | Unsecured | | $0.00 | $105,110.36 | $105,110.36 |
| | Case Totals | | | $0.00 | $267,094.46 | $267,094.46 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 4

Printed: August 8, 2014

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-11598
Case Name: Alexander Zivkovic
           Maria Zivkovic
Trustee Name: DAVID R. BROWN

    Balance on hand      $_____

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ | $ | $ |
| Attorney for Trustee Fees: SPRINGER BROWN, LLC | $ | $ | $ |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES | $ | $ | $ |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | NORDSTROM FSB | $ | $ | $ |
| 2 | DISCOVER BANK | $ | $ | $ |
| 3 | DISCOVER BANK | $ | $ | $ |
| 4 | Fifth Third Bank | $ | $ | $ |
| 5 | Fifth Third Bank | $ | $ | $ |
| 6 | American Infosource Lp As Agent For | $ | $ | $ |
| 7 | American Infosource Lp As Agent For | $ | $ | $ |
| 8 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 9 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 10 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 11 | Quantum3 Group Llc As Agent For | $ | $ | $ |
| 12 | N. A. Fia Card Services | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 13 | N. A. Fia Card Services | $ | $ | $ |
| 14 | GE CAPITAL RETAIL BANK | $ | $ | $ |
| 15 | GE CAPITAL RETAIL BANK | $ | $ | $ |
| 16 | GE CAPITAL RETAIL BANK | $ | $ | $ |
| 17 | GE CAPITAL RETAIL BANK | $ | $ | $ |
| 18 | GE CAPITAL RETAIL BANK | $ | $ | $ |
| 19 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |
| 20 | Merrick Bank | $ | $ | $ |
| 21 | N. A. Capital One | $ | $ | $ |
| 22 | Ecast Settlement Corporation, Assignee | $ | $ | $ |
| 23 | Ecast Settlement Corporation, Assignee | $ | $ | $ |
| 24 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 25 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 26 | Dept Of Education | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                                                         $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE